**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **JULIUS BRANTON AND CATHERINE BRANTON**<br><br>Plaintiffs,<br><br>v.<br><br>**Forest River, Inc., GOOD SAM ENTERPRISES, LLC D/B/A GOOD SAM, AND HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC D/B/A CAMPING WORLD RV SALES,**<br><br>Defendants. | Civil Action No.: 2:26-cv-02444-BHH<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiffs, by and through undersigned counsel, complaining of the above-named Defendants, would respectfully show unto this Honorable Court as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), which confers federal jurisdiction over claims by consumers against warrantors and suppliers arising under written and implied warranties.

2. The amount in controversy in this action exceeds $50,000, exclusive of interest and costs, as required by 15 U.S.C. § 2310(d)(3)(B).

3. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claim that they form part of the same case or controversy.

1

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District and one or more Defendants reside in this District.

5.  Assignment to the Charleston Division is proper under Local Civil Rule 3.01 (D.S.C.) because the cause of action arose in Charleston County, South Carolina.

## PARTIES

6.  Plaintiffs Julius Branton and Catherine Branton (hereafter "Plaintiffs") are citizens and residents of Charleston County, South Carolina.

7.  Defendant Forest River, Inc. (hereafter "Forest River") is, upon information and belief, a foreign corporation organized and existing under the laws of the State of Indiana, with its principal place of business located at PO Box 3030, Elkhart, IN 46515-3030. Forest River is a "warrantor" and "supplier" of a consumer product within the meaning of 15 U.S.C. § 2301.

8.  Defendant Holiday Kamper Company of Columbia, LLC d/b/a Camping World RV Sales (hereafter "Camping World") is a limited liability company organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Camping World acted as Forest River's authorized warranty service provider, performing inspections, assessments, and warranty paperwork processing at Forest River's express authorization. Forest River's requirement that Plaintiffs use Camping World to access warranty relief created an apparent agency relationship between the Defendants.

9.  Defendant Good Sam Enterprises, LLC d/b/a Good Sam (hereafter "Good Sam") is a foreign limited liability company organized and existing under the laws of the State of

2

Delaware, with its principal place of business located at 250 Parkway Drive Lincolnshire, Illinois 60069. At all times relevant to this action, Defendant Good Sam acted in concert with and as a joint enterprise alongside its corporate affiliate, Camping World, to market, underwrite, sell, and administer extended vehicle service contracts to South Carolina consumers, and did contract with Plaintiffs to provide extended warranty and service coverage on the subject vehicle.

10. The recreational vehicle ("RV") that is the subject of this action was purchased from Camping World's facility located at 8155 Rivers Avenue, North Charleston, SC 29406, which is located in Charleston County, South Carolina.

## FACTUAL ALLEGATIONS

11. Catherine Branton is diagnosed with early-onset dementia. When Julius and Catherine Branton purchased their camper in May 2025, they did so with a singular and heartfelt purpose: to make the most of the precious time Catherine has remaining by traveling to visit family and experiencing the joy of camping together. This camper was not merely a purchase — it was a plan to make memories, strengthen bonds, and give Catherine experiences worth cherishing in the years she has left. Defendants' failures, as described herein, robbed Catherine and Julius Branton of that irreplaceable time. Instead of traveling and making memories, the Brantons have spent the past year navigating Defendants' broken promises, incompetent repair attempts, and bureaucratic delays — enduring stress and anxiety at the very moment in their lives when peace and joy mattered most.

12. On or about May 31, 2025, Plaintiffs purchased a new 2025 Forest River Salem Cruise Lite 22VERANDA camper (the "camper"), Vehicle Identification Number 4X4TSMX22S7435693, for a total purchase price of $43,359.10.

13. At all times relevant to this action, Plaintiffs' camper was backed by a Forest River limited warranty covering defects in materials and workmanship in the structural and component systems of the unit.

14. Plaintiffs relied on Defendants' representations regarding the warranty and quality of their campers in deciding to purchase a Forest River camper.

15. Upon delivery on May 31, 2025, and within the first days of use, Plaintiffs discovered substantial defects that compromised basic vehicle safety and utility, including but not limited to: a recurring and severe structural slide-out failure in which the framing for the pantry and refrigerator completely broke loose from the ceiling and wall; an inoperable pantry sliding door assembly caused by interior walls built completely out of square; critical life-safety hazards including an overhead storage compartment above the master bed left entirely unsecured by the factory; dangerous electrical violations including an improperly wired 120V/12V distribution panel and a defective house battery disconnect causing a severe and constant parasitic draw; a structurally unsupported shower pan that flexes underweight, tears sealant, and causes water to cascade across the living room floor; a toilet re-installed at a skewed angle that physically blocks the bathroom; pervasive factory aesthetic defects and cover-ups including loose ceiling panels and excessive wood putty over staple holes; broken, unsealed, and malfunctioning exterior components including a bent patio screen door track, a cracked fender skirt, and loose compartment door locks; failed factory weatherproofing including missing or peeling silicone sealant at multiple exterior locations; an inoperable LP gas exterior cooktop where the factory spark igniters fail to light; improperly installed central HVAC ducting resulting in two primary kitchen ceiling vents producing no cold airflow; and delivery of a unit subject to an active federal

4

safety recall (Recall 25V364) regarding defective rear patio gate struts that pose "an unreasonable safety consequence to side motorists, bike lanes, pedestrians, etc. such as personal injury or property damage" according to NHTSA.

16. Plaintiffs promptly reported these substantial defects to Camping World and Forest River, and repeatedly received affirmative repair assurances, service appointments, and replacement processing commitments from Camping World and Forest River's representatives.

17. Plaintiffs relied in good faith on Defendants' affirmative conduct and representations that the camper issues would be resolved, thereby equitably tolling the operation of the statute of limitations until the ultimate failure of the repair commitments.

18. Plaintiffs provided Defendants with a reasonable number of repair attempts.

19. Despite numerous opportunities, Defendants failed to perform timely, effective, or workmanlike repairs, resulting in the camper remaining continuously out of service for an inordinate period.

20. Plaintiffs provided express written notice directly to the dealer and/or manufacturer of the ongoing and unresolved issues.

21. On or about June 4, 2026, counsel for Plaintiffs sent a formal notice to the legal departments of Defendants providing statutory notice of the substantial defects and a final opportunity to cure.

22. On June 18, 2026, Camping World and Good Sam customer resolution director Theresa Fugitt responded by letter denying the allegations raised in Plaintiffs' June 4, 2026 letter.

23. As of the time of filing this Complaint, the camper has remained unrepaired for approximately approximately eleven (11) months due to the uncorrected substantial defects and failed warranties of Defendants.

**COUNT I**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**(15 U.S.C. § 2301 et seq.)**
**(As to All Defendants)**

24. Plaintiffs incorporates by reference the foregoing paragraphs as if set forth fully herein.

25. Defendants are suppliers and warrantors of consumer products within the meaning of 15 U.S.C. § 2301.

26. Defendants failed to comply with their warranty obligations, whether as warrantors or as authorized providers of warranted repair services, or both, in the following particulars:

   a. In failing to provide Plaintiffs with a camper that was free from defects, of fair average quality for goods of that type, and fit for the ordinary purposes for which such vehicles are used; and

   b. In failing to properly repair, replace, or adjust defects in the camper's parts and/or workmanship within a reasonable amount of time and/or number of attempts.

27. Plaintiffs has afforded Defendants a reasonable opportunity to cure their failure to comply with their warranty obligations.

28. Plaintiffs has complied with the requirements of 15 U.S.C. § 2301 et seq. as best as possible.

29. As a direct and proximate result of the acts described herein, Defendants have violated 15 U.S.C. § 2301 et seq., commonly known as the Magnuson-Moss Warranty Act, and

6

Plaintiffs is entitled to remedies of repair, replacement, or refund, as well as recoupment of attorney's fees and costs incurred in this matter.

## COUNT II
## BREACH OF CONTRACT
### (As to All Defendants)

30. Plaintiffs incorporates by reference the foregoing paragraphs as if set forth fully herein.

31. Plaintiffs entered into contracts with Defendants for the purchase of the vehicle and for warranty coverage ensuring the vehicle was new, safe, dependable, and would be properly repaired in a workmanlike manner.

32. Defendants breached this contract by delivering a vehicle with substantial defects and failing to complete warranty and repair work in a timely, diligent, and competent manner.

33. As a direct and proximate result of these breaches, Plaintiffs lost the benefit of their bargain and suffered significant actual, incidental, and consequential damages.

## COUNT III
## NEGLIGENCE
### (As to All Defendants)

34. Plaintiffs incorporates by reference the foregoing paragraphs as if set forth fully herein.

35. Defendants owed a duty to Plaintiffs in one or more of the following particulars:

    a. To inspect, examine, and know the true condition of the camper at the time of sale and at the time of contracting to perform repairs;

    b. To truthfully and completely inform Plaintiffs of the condition and quality of the camper offered for sale;

    c. To truthfully and completely inform Plaintiffs of the extent of and timeline for needed repairs to the camper;

d. To repair or remedy any defects in the camper sold with a warranty in a timely, diligent, and workmanlike manner; and

e. To do those things which a reasonable and prudent person would do under the circumstances at the time.

36. Defendants carelessly, recklessly, willfully, and wantonly failed to perform one or more of the aforementioned duties.

37. Defendants' active misfeasance introduced immediate physical dangers that trigger a common-law duty of care existing entirely separate and apart from any limited written warranty.

38. As a direct and proximate result of these breaches, Plaintiffs lost the benefit of their bargain and suffered severe actual, incidental, and consequential damages.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION**
**(As to All Defendants)**

39. Plaintiffs incorporates by reference the foregoing paragraphs as if set forth fully herein.

40. Defendants owed a duty to communicate truthful information to Plaintiffs regarding their commitment to repair problems with the vehicle, their repair capability, repair timelines, and the condition and quality of the vehicle.

41. Defendants had a pecuniary interest in making statements to Plaintiffs to encourage a sale or continued reliance on Defendants for repairs, from which Defendants benefited.

42. Defendants breached that duty by carelessly, recklessly, willfully, and wantonly making false representations to advance their own pecuniary interests — namely, securing a commercial sale and delaying or foregoing expensive, labor-intensive warranty work.

8

43. Plaintiffs justifiably and reasonably relied on these representations of Defendants.

44. As a direct and proximate result of these breaches, Plaintiffs sustained pecuniary damages.

## COUNT V
## VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
### (S.C. Code Ann. § 39-5-10 et seq.)
### (As to All Defendants)

45. Plaintiffs incorporates by reference the foregoing paragraphs as if set forth fully herein.

46. The aforementioned acts and practices of Defendants were unfair, deceptive, against the public interest, and capable of repetition.

47. The aforementioned acts and practices of Defendants were willful in that Defendants knew or should have known that their conduct was unfair and deceptive and, therefore, a violation of South Carolina's statutes concerning unfair and deceptive acts and practices.

48. As a result of the aforementioned acts and practices of Defendants, Plaintiffs sustained actual, incidental, and consequential damages.

49. As a result of the aforementioned acts and practices of Defendants, Plaintiffs is entitled to actual damages and treble damages, together with attorney's fees and the costs incurred in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a. For an injunction against Defendants to prevent them from conducting business in the manner described above;

9

b. All actual damages, including the full value of the camper, all amounts paid for repairs, all amounts paid toward financing the camper, plus consequential and incidental damages and the costs of this action;

c. Additional damages sustained since Defendants initially attempted to repair;

d. Punitive damages;

e. Prejudgment interest at 8.75% per annum pursuant to S.C. Code Ann. § 34-31-20(A);

f. Attorney's fees and costs pursuant to 15 U.S.C. § 2310(d)(2) and S.C. Code Ann. § 39-5-140;

g. Trebling of actual damages and attorney's fees and costs pursuant to S.C. Code Ann. § 39-5-140; and

h. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury on all issues so triable.

**The Law Offices of Joshua E. Slavin, LLC**

s/ Joshua E. Slavin
Joshua E. Slavin
PO Box 762, Mount Pleasant, SC 29465
Phone: 843-619-7338; Fax: 888-246-8914
Email: josh@attorneycarolina.com
Fed. Bar ID: 12602
Attorney for the Plaintiff

June 19, 2026
Mount Pleasant, South Carolina